**The relief described hereinbelow is SO ORDERED.**

**Signed August 12, 2026.**

**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Inclusive Logistics, L.L.C.[1] | § | No. 26-31117-cgbV11 |
| | § | |
| Debtor. | § | Subchapter V |
| | § | |
| | § | |
| Inclusive Logistics, L.L.C. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Adv. Proc. No. 26-3012 |
| | § | |
| Capwise II LLC; and Vertex Lending LLC | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**<u>TEMPORARY RESTRAINING ORDER</u>**

[1] The Debtor in this Chapter 11 Subchapter V bankruptcy case, together with the last four digits of its federal tax identification number, is: Inclusive Logistics, L.L.C. (5282). The Debtor's mailing address is: 9577 Plaza Circle, El Paso, TX 79927-2005.

**TAKE NOTICE THAT THIS ORDER APPLIES TO CERTAIN PARTIES *AND* THEIR MEMBERS, MANAGERS, DIRECTORS, OFFICERS, AGENTS, AND ATTORNEYS. THERE ARE POTENTIALLY SERIOUS CONSEQUENCES FOR IGNORING OR VIOLATING THIS ORDER. THIS ORDER MAY APPLY TO YOU EVEN IF YOU ARE NOT A NAMED PARTY.**

CAME ON FOR CONSIDERATION the *Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Brief in Support* (the "Motion")[2] filed by Inclusive Logistics, L.L.C. (the "Debtor," and "Plaintiff") the debtor and debtor-in-possession in the above-captioned Subchapter V bankruptcy case (the "Bankruptcy Case") and plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"). Based on the evidence and arguments at the hearing held on the Motion, and the Court otherwise finding that the entry of this Order is lawful and appropriate, that the Court has jurisdiction to enter this Order, that this Order is supported by sections 105(a), 362(a), and 542(a) of the Bankruptcy Code, and by Rule 65 of the Federal Rules of Civil Procedure, and the Debtor having demonstrated: the need for emergency relief under the circumstances, the threat of irreparable injury absent immediate injunctive relief, that Capwise and Vertex will not be harmed by this Oreder or that any harm to the Debtor and its Estate exceeds the potential harm to Capwise and Vertex, and that the public policies of Texas and the public interest support the entry of this Order, the Court hereby enters this Temporary Restraining Order as follows:

**RESTRAINING ORDER**

Capwise and Vertex are hereby COMMANDED, ENJOINED, and ORDERED as follows:

1. To inform each of their respective agents and attorneys of the entry of this Order.

---

2 Terms capitalized but not defined herein shall have the meanings ascribed to them in the Motion.

2. To refrain from contacting any of the Debtor's customers, clients, vendors, general contractors or any other party that historically has done business with the Debtor.

3. To refrain from exercising any rights of default under any of the Loan Agreements, including but not limited to attempting to collect accounts receivable from customers or other third parties that owe the Debtor money or otherwise interfering with any customer's or other third party's obligation to pay the Debtor for materials and/or services provided and/or rendered to the customer or other third party.

4. To cease any and all attempts to exercise control over, or sell or otherwise dispose of, any alleged collateral or other property of the Estate.

5. Capwise and Vertex may not, without further motion and order from this Court, file or pursue any additional claims or causes of action relating to, arising out of, or in connection with any of their involvement with the Debtor, whether as an employee, creditor, agent, officer, director, or otherwise.

6. Capwise and Vertex may not, sell, transfer, dispose of, or assign any interest in the Loan Agreements, unless they provide notice of this Order to the purchaser, transferee, assignee, or other counterparty acquiring an interest in any Loan Agreement, in which case such purchaser, transferee, assignee, or other such counterparty will become an enjoined party under this Order subject to the terms of this Order.

**ADDITIONAL ORDERS**

In addition to the foregoing, it is hereby:

ORDERED that, for the avoidance of doubt, that any one person or entity may violate this Order does not excuse or relieve any other person or entity from the duties and obligations and prohibitions of this Order; it is further

ORDERED that, for the avoidance of any doubt, with respect to Capwise and Vertex, each present or future member, managing member, director, officer, partner, manager, trustee, attorney, or agent thereof with notice of this Order consistent with applicable principles of due process and personal jurisdiction shall be personally held accountable and liable for any violation of this Order, in addition to the respective artificial entity; it is further

ORDERED that it shall be the responsibility of Capwise and Vertex, and each of their counsel, to ensure that each present or future member, managing member, director, officer, partner, manager, trustee, attorney, parent, subsidiary, affiliate, or agent has notice of this Order; it is further

ORDERED that Capwise and Vertex shall turn over to the Debtor all sums collected on account of Capwise's and Vertex's prepetition collection efforts, including, but not limited to, all sums collected directly from third-parties of the Debtor that are the Debtor's customers, clients, vendors, general contractors or any other party that historically has done business with the Debtor; it is further

ORDERED that this Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order, to grant relief from this Order, to issue damages and sanction for the violation of this Order through civil contempt or otherwise, and to recommend to the District Court the punishment of any violation of this Order by criminal contempt; it is further

ORDERED that this Order is effective immediately upon its entry and shall expire at 11:59 p.m. on August 25, 2025, unless extended by separate order of this Court; it is further

ORDERED that a hearing to extend this Order is scheduled for **August 25, 2026, at 9:30 a.m. (MT)**, before the Honorable Christopher G. Bradley, U.S. Bankruptcy Judge for the Western District of Texas, El Paso Division, which hearing shall take place via Zoom using the information below:

**Zoom Meeting Instructions**
www.zoomgov.com/my/bradley.txwb
Meeting ID 160-1114-1085

# # # END OF ORDER # # #

United States Bankruptcy Court

Western District of Texas

Inclusive Logistics, L.L.C.,
Plaintiff

Adv. Proc. No. 26-03012-cgb

Capwise II LLC,
Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0542-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 12, 2026 | Form ID: pdfintp | Total Noticed: 5 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 14, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Capwise II LLC, 235 River Avenue, Suite 220, Lakewood, NJ 08701-4808 |
| pla | | Inclusive Logistics, L.L.C., 9577 Plaza Circle, El Paso, TX 79927-2005 |
| dft | + | Vertex Lending LLC, 10 W. Broadway, 7th Floor, Salt Lake City, UT 84101-2060 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: USTPRegion07.SN.ECF@usdoj.gov | Aug 12 2026 23:40:00 | United States Trustee - EP12, U.S. Trustee's Office, 615 E. Houston, Suite 533, San Antonio, TX 78295-1601 |
| intp | + | Email/Text: USTPRegion07.SN.ECF@usdoj.gov | Aug 12 2026 23:40:00 | U.S. Trustee's Office, 615 East Houston, Suite 533, San Antonio, TX 78295-1601 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 14, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 12, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jacob J King | on behalf of Plaintiff Inclusive Logistics L.L.C. jking@munsch.com, CourtMail@munsch.com |

Michael James O'Connor
subvtrusteesat@gmail.com MJOCONNOR@ECF.axosfs.com

TOTAL: 2